JENNIE E. GARDINIER, Administratrix, etc., Respondent, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Appellant.

*Court of Appeals, November* 23, 1886.

Reversing same case, 36 Hun, 647, Mem.

1. *Negligence. Highway crossing.*—Though a railway fails in its duty to restore the highway, across which its tracks is constructed, to such a state as not unnecessarily to have impaired its usefulness, or to make the passage to its bridge safe for the public, it is not liable, unless the injured party is shown to have been affected by its negligence, or his injuries are caused by some default on its part. The proof, and not the mere surmise of the jury, must establish that he was at the wing wall going towards, or was on, the bridge when the accident occurred, otherwise the condition of the bridge over the highway becomes unimportant.

Action to recover damages for negligence causing the death of plaintiff's intestate.

Appeal from a judgment of the general term of the supreme court, affirming a judgment entered on a verdict.

The complaint, among other things, alleged "That at the village of Fonda, in the county of Montgomery, at a point where the public highway, leading from Fultonville to Fonda, and between the Mohawk river and the Mohawk turnpike, crosses the railway track of defendant, is a bridge, erected and maintained by defendant, for the purpose of, and for the use of the traveling public, crossing defendant's railway track over the same upon said highway, and which said bridge it was the duty of the defendant to keep, maintain and have, for the use of the public to travel, in a safe and proper condition, properly protected and guarded, for the safe passage of all persons desiring to cross the same; that the span of said bridge, crossing over said railway track, rests at either end thereof upon stone abutments raised from the level of said railway track, nearly perpendicular or vertical, to a height sufficient to admit of the engines of defendant to pass under said bridge, at least from ten to twenty feet high; that the width of said span of said bridge is less than the full width of said highway, so that in the approach to said bridge, upon said highway, on either side thereof, where said highway meets the floor of said bridge, there is a space of several feet between the corner of the bridge and the side of said highway, and a wing wall, nearly perpendicular, extending either way from the floor of said bridge; that at the northwest corner of said bridge, at the time hereinafter stated, the defendant carelessly and negligently left said wing wall, for several feet where the said highway approached said bridge, without any proper or sufficient guard fence or railing to prevent persons approaching said bridge from falling over said wall, and down towards and upon said railroad track, and left the same, and carelessly and negligently permitted the same to remain in an unsafe, unguarded and dangerous condition."

The complaint further stated, " upon information and be-

lief, that the plaintiff's intestate, John H. Gardinier, deceased, in his lifetime and on the 17th day of December, in the year 1881, in the evening of the said day, was at Fonda, in said county, and started to go from said village of Fonda, by the way of said highway and bridge, to Fultonville, where he resided, and in attempting to approach and cross said bridge, in the night time, did, without any want of care and without any fault or negligence on his part, accidently walk over and fall over said wall of said bridge, down to and upon the stone, iron and earth below, whereby he was injured, in his person, insomuch that from said injury he died, and his death was caused solely by the injuries received in said fall; and said fall and injury was caused solely by the negligence and carelessness of defendant in keeping said abutment and wing wall unguarded, and unprotected, and in such unsafe and dangerous condition."

*C. D. Prescott*, for appellant.

*R. B. Fish*, for respondent.

DANFORTH, J.—We have evidence from one side only, and on that it is not difficult to find that defendant failed in its duty to restore the highway across which its track was constructed, to such a state as not necessarily to have impaired its usefulness, or to make the passage to its bridge safe for the public.   But we do not discover from the record or the argument of counsel that plaintiff's intestate was affected by its negligence, or that his injuries were caused by any default on its part.

The complaint states that he was on the evening of the 17th of December, 1881, at Fonda, "and started to go from thence to Fultonville where he resided, and in attempting to approach and cross the bridge in the night time, fell over the wing wall of the bridge and was killed."

The evidence shows that he was found between eleven

and twelve o'clock of the night of that day, lying on the track under and near the bridge badly hurt.   The physician who was soon in attendance discovered slight, superficial scalp wounds, no broken bones, but " he was suffering from ' shock concussion,' " and from this cause soon after died. He was hardly able to make a sound, soon became unable to speak, and gave no explanation of the circumstances which led to his condition.   The same witness testified that the injury was such as might have been caused by falling from the abutment of the bridge on the railroad track or from a car or by a blow, " but the probability was, from the general condition of the man, that it was a fall."

It was evident that the jury supplied an important but unproven fact by mere surmise, and not on inference.   They assumed that the deceased was at the wing wall going towards, or was on the bridge when the accident occurred. But of this there was no evidence.   He was not seen at the bridge, or upon or at its approaches.   The record does not show that he was during the evening even going towards the bridge or his home, which lay beyond the bridge, or that he was intending to do so.   There was literally no evidence to show how the deceased came to the place where he was found.   He was seen at the Montgomery hotel in Fonda, between five and six o'clock in the afternoon ; at eight or half-past eight he was at Snell's hotel in Fonda, " which," the witness says, " was on the road going from Fonda to Fultonville, by the street railroad."   Another witness says :

" About eight or half-past eight, I saw him up the street in the village of Fonda.   *   *   *   I saw him go down street toward the Montgomery hotel."   And on the same evening about a quarter before nine, he was seen " at the meat market at Fonda."   Nothing more appears as to the whereabouts or the intentions of the deceased on the evening or night of his death.

We find, therefore, that the appellant's counsel is right in the assertion that there is no evidence that the deceased was

" on the bridge that night, or that he was seen going in that direction. It could therefore only be conjectured that the intestate was upon the wall or bridge, but there was no basis in the evidence to support the conclusion, and without that fact established, the condition of the bridge becomes unimportant.

The judgment appealed from should therefore be reversed, and a new trial granted, with costs to abide the event.

All concur.